RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between JENNIFER SORSEN, an individual, on behalf of herself, her spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees (hereinafter referred to as "SORSEN"), and Al-Selwadi Enterprises LLC; Ahmad A. Al-Selwadi; Mohammed Al-Selwadi (hereinafter referred to as "DEFENDANT'S").

WHEREAS a dispute exists between SORSEN AND DEFENDANTS arising out of, or generally relating to, SORSEN'S employment with DEFENDANT'S and payment of wages, which resulted in the filing by SORSEN of a lawsuit under the Fair Labor Standards Act. This lawsuit is pending in the United States District Court for the Northern District of Florida titled <u>JENNIFER SORSEN v. AL-SELWADI ENTERPRISES LLC; AHMAD A. AL-SELWADI; MOHAMMED AL-SELWADI</u>, Case No. 3:15-CV-278-MCR/EMT ("the Lawsuit");

WHEREAS, DEFENDANT denies all of SORSEN'S allegations and claims;

WHEREAS, SORSEN and DEFENDANTS wish to avoid further litigation and the associated legal costs and expenses; and

WHEREAS, SORSEN and DEFENDANTS desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by DEFENDANTS, to effect a full, complete, final, and binding settlement and compromise of all claims related to payment of wages that SORSEN may have against DEFENDANTS, with prejudice.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement SORSEN and DEFENDANTS agree as follows:

1.  **Dismissal of the Lawsuit.** SORSEN agrees to immediately seek approval from the Court to dismiss with prejudice the Lawsuit against DEFENDANTS by filing a Motion for Approval of the Settlement Agreement.

2.  **Specific Waiver and Release of All Claims.** In exchange for the consideration described in Paragraph 5, SORSEN irrevocably and unconditionally waives, releases, and forever discharges DEFENDANTS and its predecessors, successors, all former, current, and future related organizations, companies, division, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees, (collectively the "RELEASED PARTIES"), from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit <u>related to the payment of wages</u> during SORSEN'S

employment with DEFENDANTS. Specifically, SORSEN waives all claims against the RELEASED PARTIES for any alleged violation of the Fair Labor Standards Act or the Florida Minimum Wage Act.

3. **Covenant Not To Sue.** SORSEN also agrees not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and release in Paragraphs 2, except that SORSEN may bring a claim to enforce this Agreement. If SORSEN violates this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, SORSEN shall be liable to such RELEASED PARTIES as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit.

4. **Non-Admission of Liability.** SORSEN also agrees that DEFENDANTS does not admit any allegations made against it in any claims, charges, complaints, actions causes of action, lawsuits, grievances, controversies, disputes, or demands, including the Lawsuit. SORSEN also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable laws, statute, ordinance, order, regulation, or constitution of any kind.

5. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by SORSEN in this Agreement, DEFENDANTS agrees to pay SORSEN: amount of TWO THOUSAND TWO HUNDRED FIFTY DOLLARS AND 00/100 ($2,250.00) for her alleged damages (including back pay and liquidated damages); and THREE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND 00/100 ($3,750.00) for Jeremiah J. Talbott's fees and costs. The DEFENDANTS shall pay the settlement funds within fourteen (14) days of the Court approving the Settlement of this matter. If the payment is not paid within twenty-one (21) days of the due date, the PLAINTIFF or her attorney can file suit to recover same and is entitled to attorney fees and costs for recovery of said amount as if the matter was a FLSA case.

6. **Other Agreements by SORSEN.** SORSEN also agrees that:

- She is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and she has not been coerced, threatened, or intimidated into signing this Agreement;
- She has been advised to consult with, and has in fact consulted with, her attorney prior to signing this Agreement;
- She has been properly paid by DEFENDANTS for all hours worked in compliance with state and federal law.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between SORSEN and DEFENDANTS regarding the parties' settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by SORSEN and the DEFENDANTS.

8.     **Severability.** SORSEN and the DEFENDANTS agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.

This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document.

(Signatures on the following page.)

AL-SELWADI ENTERPRISES LLC

Date: 9-10-2015

By: Ahmad Al Selwadi

Its: owner

Date: 9-23-15

JENNIFER SORSEN